# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>VILLAGE POINTE PROPERTY OWNERS ASSOCIATION, INC.,<br><br>Debtor. | Case No.: 26-10314 TBM<br>Chapter 11 (Subchapter V) |
| VILLAGE POINTE PROPERTY OWNERS ASSOCIATION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>FIRST AMERICAN TRUST, FSB, AS TRUSTEE; WORLDMARK, THE CLUB; WYNDHAM VACATION RESORTS INC; BENJAMIN REX AAGARD; JEANA MARIE AAGARD; DELORES ACREE; RE ACREE; PAMELA ADKINS; RAYMOND ADKINS; ISABELLA ALEXANDER, DECEASED, HER DEVISEES AND PERSONAL REPRESENTATIVES; MARGARET ALGIRE; RICHARD ALGIRE; STEVEN ALKOV; SUSAN ALKOV; ELAINE ALLEN; SUSAN ALONZI; JOSE ANAYA; LILLIAN ANAYA; FRANK ARAGON; GLORIA ARAGON; ROBERT ARNOT; HECTOR ARZATE; ROSEMARY ARZATE; ERIC ASSAM; ASSEMBLIE OF GOD NEW MEXICO; ASSEMBLIE OF GOD NEW MEXICO, BY JERAL DICKENSON AS AGENT; ASSEMBLIE OF GOD NEW MEXICO, BY MICHAEL DICKENSON AS AGENT; ASSEMBLIE OF GOD NEW MEXICO, BY MARCUS MCCLAIN AS AGENT; ASSOCIATION VILLAGE POINTE ; ANTONIO ASTRAN; ROSALIE ANN ASTRAN; AMANDA ATCHLEY; JOLYNN | Adv. No.: 26-1170 TBM |

| |
|---|
| ATKINSON; LEONARD ATKINSON; BEVERLY ATTEMA; CORNELIUS ATTEMA; DENNIS AUSTIN; CAROL AUTEN; CAROL AUTEN, BY JANA BRITTAN AS POA; CAROL AUTEN, BY DANA GARDNER AS POA; DENNIS AVERY; DOROTHY AVERY; THOMAS BAKER; VICTORIA BAL; EMILY KAY BARON; PETER BARTLETT; JUDY BATSCHI; MATTHEW BATSCHI; JEFFREY BAYER; SYLVIA BAYER; MICHAEL BEA; KENNETH BEALE; CATHERINE BEARD, DECEASED, HER DEVISEES AND PERSONAL REPRESENTATIVES; JAMES BEARD, DECEASED, BY MARY CAROTHERS AS EXECUTOR; JAMES BEARD, DECEASED, HIS DEVISEES AND PERSONAL REPRESENTATIVES; DARSI BEASLEY; JOHN BEASLEY; VELMA BEEGHLY; TRICIA ZELLMAN BEEVERS; CHRISTOPHER BEMUS; KELLY BEMUS; SHIRLEY BENGSTON, DECEASED, BY STAR BENGSTON AS EXECUTOR; SHIRLEY BENGSTON, DECEASED, HER DEVISEES AND PERSONAL REPRESENTATIVES; WAYNE BENGSTON, DECEASED, HIS DEVISEES AND PERSONAL REPRESENTATIVES; CHRISTINE MARIE BERKLEY; ROYCE BERKLEY; GEOFFREY BESERRA; MADELEINE BESERRA; DEBRA BIRKHAUSER; KATHY BLOCKER; DELBERT BODEKER; MARY ANN BODEKER; CATHERINE BOLLACKER; JAY BOLLACKER; JOHN BONE; MYRA BONE; DEBRA BORING; DON BORING; SHAWN BOX; TIFFANY BOX; JEFFREY BRADLEY; LORI BRADLEY; ANTHONY BRADLEY, DECEASED, HIS DEVISEES AND PERSONAL REPRESENTATIVES; |

ANNE BRAUWEILER; OUIDA BRAZELL; PATRICIA BRAZELL; DIANE BREDSDORFF; SOREN BREDSDORFF; MARY BREITIGAM; JAMES BREWSTER; PATRICIA BREWSTER; GARY BRIGHT; LINDA BRIGHT; FAY BRINK; PATRICIA BRINK; TERRY HARMON BRITTON; BARBARA BROCKWAY; JAMES BROCKWAY; CRYSTAL BROSTERHOUS; PHILIP BROSTERHOUS; DASIA BROWN; LEE ANN BROWN; MATTHEW KENT BROWN; REBECCA CZERWIN BROWN; SAMUEL BROWN; MICHAEL ELMER BRUNSKILL; SUSAN LYNN BRUNSKILL; PATRICIA BRYAN; TERRY BRYAN, DECEASED, HER DEVISEES AND PERSONAL REPRESENTATIVES; KIMBERLY BUCKLER; JANICE BUFMACK; SARAH BURCHAM; THERESA BURCHETT; JAYME BURDEN; KRISTI BURDEN; DAVID BURKETT; JUDI BURKETT; ROBERT BURNETT; MARCIA BURNS; PATRICK BURNS; EVAN BURRIS; MEAGAN BURRIS; MARY KATHLEEN PRATT BURTNER; GEORGE ROBERT BURTNER III; DANIEL LEE BUTLER; JAMES BUTLER; MARY BUTLER; CANDIDO CABRERA; GARY CAMPBELL; NANCY CAMPBELL; PATRICIA CANNEDY; CAROL JEAN CAPELLE; DAVID PAUL CAPELLE; CINDY CAPES; RANDY CAPES; EVA CARLETON; SCOTT CARLETON; GREGORY SCOTT CARLIN; JANA GAIL CARLIN; CHARLES CARLSON; MELANIE CARLSON; ROGER CARLSON; DONNA CARROLL; JUNE CASH; ROBERT CASH; BRIAN CASHORE; DAWN CASHORE; CECILY CASS; STANLEY CASS; GERALD CASWELL; TERESA CASWELL; ANNE

HOLCOMB CAUSEY; JEAN CERAMI; LORRAINE CESARE; EDWARD CHACON; ILIANA CHACON; FREDERICK CHAPMAN; SANDRA CHAPMAN; CHRIS CHAPPELL; SHALONDA VESSEL CHAPPELL; DENISE CHESNE; DONALD CHIAPPETTA; MANDY CHIAPPETTA; JAMES CHILDS; MARIA CHILDS; CHERYL CHIN; TIM CHIN; JEFFREY CHISHAM; NANCY CHISHAM; HAROLD CHRISTENSEN; ;BOYD CHRISTENSEN, AS TRUSTEE OF THE CHRISTENSEN FAMILY TRUST DATED 9/7/1992 AS AMENDED AND RESTATED ON 8/27/2015; SUSAN CHRISTENSEN, AS TRUSTEE OF THE CHRISTENSEN FAMILY TRUST DATED 9/7/1992 AS AMENDED AND RESTATED ON 8/27/2015; NANELL LYN CLARK; CLEMENTS LOANS AND REAL ESTATE INC; AMY COFFEY; ARA COLE; BRUCE COLE; ROGER COLLIER; SUSAN COLLIER; PAULA COLYER; JAMES COMPTON; ANITA PATTERSON CONWAY; JOSEPH CONWAY; LYNN COOK; LANCE COONROD; SARA COONROD; NANCY CRAMER; DAVID CRIMIN; ROCHELLE CRIMIN; DUANE CRIMIN, DECEASED, HIS DEVISEES AND PERSONAL REPRESENTATIVES; JAMES CROSHAL; KATHLEEN CROSHAL; LESLIE CURRAN; CWH RESEARCH INC; BEVERLY DALE; THERESA DALTON; VENKATA DARBHA; JULIE CRIMIN DAVIES; HEATHER DAVIS; JOEL DAVIS; PATRICIA DAVIS; RONALD DAVIS; STEPHEN DAVIS; TIMOTHY DAVIS; STEPHEN DAVIS, MATTHEW DAVIS AS POA; KERRY DAVISON; B J DEAN; DENICE DECKER; MICHAEL DECKER;

LARRY DEES; NORMA DEES; JOANNE DENTON; ROBERT DENTON; LOUIS DEPAULI; JOSEPHINE DERRYBERRY; NORMAN DERRYBERRY; ROBERT DERRYBERRY; SHARON DETERDING, DECEASED, HER DEVISEES AND PERSONAL REPRESENTATIVES; ;PATRICK DEWEY; ;DOUGLAS DIPAOLO; TERESA DIPAOLO; HOWARD DOLD; GINE DONOGHUE; JAMES DONOGHUE; TERENCE DOUB; ;LARRY DOWTY; RITA DOWTY; BRENDA DRAPE; TOM DRAPE; DON DUNCAN; MATTHEW DUNCAN; WHITNEY DUNCAN; PATRICIA KAY DUNCAN, DECEASED, HER DEVISEES AND PERSONAL REPRESENTATIVES; MICHELLE EDWARDS; PAUL EDWARDS; DAVID EHRHART; HANS EILERS; ;LARS EILERS; ;LISA MICHELE AUTREY EILERS; ;LYNLEY EILERS; ;JUDY EINSPAHR; ORIN EINSPAHR, TRUSTEE; FRED ELLIS; JOELINE EMRICK; RONALD EMRICK; LINDA ENGLES; HEATHER MARIE EPSTEIN; ELLEN ESTES; RONALD ESTES; DEBRA EWER; STEPHEN EWER; MICHAEL FANNING; CHRISTOPHER FASCITELLI; MICHELLE FASCITELLI-RUTH; MARLENE FENDER; RANDY FENDER; PARKS FIELDS; ARIA FINCH; BOB FINCH; J FINNEGAN; J P FINNEGAN; MARY ELLEN FORBES; PATRICK FORBES; CHARLES FORSYTH; KATHRYN FOX; ;;LINDA KAY FRANCIS, AS TRUSTEE OF THE FORBES LIVING TRUST; ALLAN DEAN FRANDSEN; LENNET FROELICH; RANDOLPH FROELICH; VALERIE FROST, AS TRUSTEE OF THE VALERIE H FROST REVOCABLE LIVING TRUST DATED 5/7/2020; MELISSA DAWN FUTRELL;

PAUL FUTRELL; ROBERTA KAY FYFE; ANNA GAGE; GERALD GAGE; JENNIFER GAGE; ;RANDY GAGE; ;GLEN GARDNER; LAURA GARDNER; JANET GAROUTTE; LAURA GARVEY; ROBERT GARVEY; PAUL GETZ, AS TRUSTEE OF THE PAUL GETZ AND AUDREY A MARTINEZ REVOCABLE TRUST AGREEMENT DATED 3/27/2001; PHILIP GIANNI; MICKEY GIBSON; PATRICIA GIBSON; JOAN GILBERTSON; JERRY GINN; AMY GNADT; JAY GNADT; STEVEN GOERING, AS TRUSTEE OF THE BILL AND HELEN GOERING LIVING TRUST; JOE GOMEZ, DECEASED, HIS DEVISEES AND PERSONAL REPRESENTATIVES; LOUANN GOMEZ, DECEASED, HER DEVISEES AND PERSONAL REPRESENTATIVES; KATHI GOODWIN; LARRY GOODWIN; DEENA GRAHAM; GREGORY GRAHAM; JERI GRAHAM; JOSH GRAHAM; CAROLYN GRAY AND MILLARD GRAY, DECEASED, BY GREGORY GRAY AS EXECUTOR; CAROLYN GRAY, DECEASED, HER DEVISEES AND PERSONAL REPRESENTATIVES; MILLARD GRAY, DECEASED, HIS DEVISEES AND PERSONAL REPRESENTATIVES; NORMAN GRAY, TRUSTEE; SHARON GRAY, TRUSTEE; LISABEHT GRELL; RUSSELL GRELL; CHERYL GRIECO; JOSEPH GRIECO; MARGARET GRIEGO; GREGORY GRIFFIN; KIMBERLY GRIFFIN; LARRY GRUBE, TRUSTEE; LYDIA GRUBE, TRUSTEE; GIL GUNN; MELINDA GUNN; MARK GUSTAFSON; SUZANNE GUSTAFSON; PATRICK GUTMANN; CAROL HABERSHON; CHRISTOPHER HADDOCK; JACOB HADLEY; CHARLES

HAIRSTON, DECEASED, HIS DEVISEES AND PERSONAL REPRESENTATIVES; JANET LYNN HAIRSTON, DECEASED, HER DEVISEES AND PERSONAL REPRESENTATIVES; ALLEN HALE; RUTHIE HALE; ALLYNE PETERSON HALL; REBECCA HALL; SHELDON HALL; KATHARINE HALPIN; CLARE HAMILTON; ROBERT HAMILTON; JOHN HAMPEL; REBECCA HAMPEL; TRISHA HAMRIC; JEFFERY HAMRICK; FRANCES HARDWICK; KENNETH HARDWICK; ;MARIA ONEIDA HARDWICK; ;ALAN HARRELL; JOAN HARRELL; DAVID HARRIS; JANET HARRIS; SARA HARRIS; HELEN HASS; MARSHALL HASS; MINITA HEED; STANLEY HEED; EDWIN HENDERSON; RAELENE HENDERSON; JUDITH HENSON; DAVID HENSON, DECEASED, HIS DEVISEES AND PERSONAL REPRESENTATIVES; CARL HERBSTER; DEBRALEE HERBSTER; ADALYN HILDEBRAND; ERIC HILDEBRAND; THOMAS HILDEBRAND; BILLIE-JEAN HOLCOMB; JEFFREY HOOTEN; JODI HOOTEN; CHRISTOPHER HORNICK; ;GEORGE HOWELL; DONALD HUDSON; MARIANNE LOUISE HUDSON; CHRISTI HUNT; MARY HYLTON; RICHARD HYLTON; GARY HYMER; JENNIFER HYMER; CRYSTAL ANN ICEMAN; JACOB THOMAS ICEMAN; TERRY IMPSON, VP; JENNIFER INGERSOLL; JOHN INGERSOLL; INTERNATIONAL HOLIDAY SYSTEMS; JANE ANN IRELAND; RICKEY IRELAND; J W MEACHAM TRUST; DANIEL JACOBS; ERIN JACOBS; DENNIS JACOBSON; MARY JACOBSON; BENNIE JARRETT; NETTA JARRETT; STEPHEN JEFFS,

TRUSTEE; NEIL JEHLE; JAMES JENNISON; NEIL JENSE, TRUSTEE; MARILYN JENSEN, TRUSTEE; BETH ANN JETER; WALTER JETER; REBECCA JILEK; ROBERT HENK JOHAN; CONSTANCE JOHNSON; LESTER JOHNSON; CHRISTOPHER JONES; JARED JONES; RICHARD JONES; ROBIN JONES; LUCILLE JOSEPH; BILLEYE JUAREZ; CHRISTOPHER JUAREZ; GARY KAPP; PENNY KAPP; SUE ANN KARLIN; WILLIAM FRED KARLIN; CELIA KATZ; MICHAEL KAUFMAN; SONJA KAUFMAN; VICTORIA KAY; CARL KEANE; KEARNS AND ALEXANDER; JULIA KEATING; RICHARD KEEN; EUGENE KELLY; VIRGINIA KELLY; JAMIE KEMP; RONALD KEMP; LATRESE KENDRICK; NOBLE KENDRICK; CAROL E KERR; MICHAEL KERR; LUZ KIMBLE; ROBERT KIMBLE; MELINDA FRANDSEN KING; JAMES KIRKPATRICK; LINDA KIRKPATRICK; BONNIE KISH; PATRICIA KLEE; ROBERT KLEE; KRISTIN MORAWETZ KLEIN; PATRICIA KNAPPERT; CURTIS KNOLHOFF; JANET KNOLHOFF; CLARA KNOUS; THOMAS KNOUS; LISA KOLLMAN, DECEASED, HER DEVISEES AND PERSONAL REPRESENTATIVES; BRENDA KOPHAMER; MARILYN KOTHENBEUTEL; DIANA KRAUSNICK; HERBERT KRONINGER; DEBORAH KUBIN; GREGORY KUBIN; JOHN KYLE; LUCY KYLE; DAVID ROSS LANDGRAF; TANIA LEI LANDGRAF; CAROL LANDS; E ADELLE LANE; ROBERT LANE; JOHN LANKA; LAURA LANTZ; ANTHONY LARKIN; RAE LARSON; THOMAS LARSON; TANYA LATONE; ANITA LEE; CHARLES LEE; PAMELA LEITNAKER;

THOMAS LEITNAKER; A LEMIEUX; MICHAEL LEONARDI, TRUSTEE; NANCY LEWIS; WILLIAM LEWIS; DALTON LEWIS, TRUSTEE; OMAJEAN LEWIS, TRUSTEE; CHAD LISTON; TAMMY LISTON; JANICE LITTLEHALES, TRUSTEE; THOMAS LITTLEHALES, TRUSTEE; RYAN LIVINGSTON; ANNETTE LLOYD; LAWRENCE LLOYD; JASON LOBATO, TRUSTEE; NIKKI LOBATO, TRUSTEE; JEANETTE MICHEL LOCKHART; CAROL LOHMANN; DARLENE LOOK; PAUL LOOK; WAYNE OLIVER LUNSFORD; LINDA LUNSFORD, TRUSTEE; JOHN MADDALOZZO; SARAH MADDALOZZO; PAMELA ANN MAHONEY; PATSY MANASCO; ;LYLE MANN; LECIA MAPEL; RONALD MAPEL; ANDRE MARKUSFELD; PHILIP MARQUEZ; ROSE MARQUEZ; DORA MARTINEZ; LYDIA MARTINEZ; MANUEL MARTINEZ; PAUL MARTINEZ; AUDREY MARTINEZ, AS TRUSTEE OF THE PAUL GETZ AND AUDREY A MARTINEZ REVOCABLE TRUST AGREEMENT DATED 3/27/2001; RUTH MASSIE; STEVEN MASSIE; SANDRA MATLOCK; BILL MATLOCK, DECEASED, HIS DEVISEES AND PERSONAL REPRESENTATIVES; DIANE MAYS; ROBERT MAYS; KATHLEEN MCCLELLAND; MARGARET MCCLINTOCK; LARRY MCCLINTOCK, TRUSTEE; CAROL BRADLY MCCONNELL; VICKI LYNN MCCONNELL; DARLA MCDADE; RAY MCDADE; PATRICK MCDANIEL; BETTY MCDONALD; STEVEN MCDONALD; JACK MCFARLAND; SHANNON MCFARLAND; BETTY BOYCE MCGRATH; DANIEL ANDREW MCGRATH; ANITA MCMULLEN;

DANNY MCMULLEN; JOEL MEACHAM; YVONNE MEAKIN; CHARLES MELANCON; PAMELA MELANCON; GINA MELVIN; JAMES MELVIN; L STEPHEN MELZER; SALLY MELZER; GEORGE MENEGHINI; JOANN MENEGHINI; ANTON MENTLIK; KATHLEEN MENTLIK; BRIAN VAN METRE; NORMA VAN METRE; MICHAEL METZGER; SALLY METZGER; MARGARET MEYER; ANISSA MILLER; GREGORY MILLS; MARGARET MILLS; BRENT ALAN MITCHELL; MICHAEL MLADEJOVSKY; CHARLENE MOORE; GREGORY MOORE; HUGH MOORE, DECEASED, HIS DEVISEES AND PERSONAL REPRESENTATIVES; PHYLLIS MOORE, DECEASED, HER DEVISEES AND PERSONAL REPRESENTATIVES; KIRK MORAWETZ; DORINDA MORRIS; JENNIFER MORRISON; JUDITH MORROW; MOSES MORROW; CAMILLA MORTON; FRANKLIN MORTON; JAMES MOSELEY; NEIL MOTHEW; BRUCE MOWRY; JOHN MURPHY; ;PAULA MURPHY; ARLENE MUTHERSBOUGH; JOHN MUTHERSBOUGH; GENE MYERS, AS TRUSTEE OF THE GENE W MEYERS AND IRMA JEAN MEYERS FAMILY TRUST DATED 12/27/2000; IRMA MYERS, AS TRUSTEE OF THE GENE W MEYERS AND IRMA JEAN MEYERS FAMILY TRUST DATED 12/27/2000; CHARLES NEUMANN; JUDITH NOTTROTT, DECEASED, BY FRANCINE OLMSTEAD AS EXECUTOR; JUDITH NOTTROTT, DECEASED, HER DEVISEES AND PERSONAL REPRESENTATIVES; CAROL NOYES, TRUSTEE; KAREN NOYES, TRUSTEE; JANET KATHERINE OBERLE; SARAH

O'BRIEN; JOHN ODELL; KATHRYN ODELL; SIMON PETER O'HANLON, DECEASED, HIS DEVISEES AND PERSONAL REPRESENTATIVES; DAVID OHLENDORF, BY BONNIE SCHRINER AS EXECUTOR; DAVID OHLENDORF, DECEASED, HIS DEVISEES AND PERSONAL REPRESENTATIVES; BARBARA ORTEGA; DANIEL ORTEGA; LEWIS PACK; LILLIAN PACK; DONNA SUE PALMER; JUANITA PARADIS; ROGER PARADIS, DECEASED, HIS DEVISEES AND PERSONAL REPRESENTATIVES; BRIAN DOUGLAS PARKER; GARY KAPP PARTNER; PARTNERSHIP HPJ FAMILY LTD; PATRICIA CHILDS PATANE; HOLLY PATTON; VIVIAN PATTON; JOAN DE PAULI; RODNEY LEE PEARMAN; ELEANOR PEARSON; LEONARD PEARSON; PHILLIP PENNINGTON; MICHAEL PEREZ; MARK PERRY; KIM MORAWETZ PETERSEN; KIMBERLY PETERSON; CHARLES PETRY; ;SUSAN PETRY; ;JEANENE PIERCE; GERALD PIOTROWSKI; SHARRI PIOTROWSKI; JACK PITLUK, TRUSTEE; SUZANNE PITLUK, DECEASED, HER DEVISEES AND PERSONAL REPRESENTATIVES; BRIGITTE PLUMB; CATHERINE PLUMMER; FREDDIE POWELL; MARILYN POWELL; RAMAKRISHNA PRAHBALA; ROBIN PRATT; GLENDA SIMPSON PRESIDENT; ;KERI PRIEST; TERESA RAWLINGS; GARY REDDEN; KAREN REDDEN; SANDRA REED; RICHARD REHDER; MARY REIMANN; STEVE REIMANN, DECEASED, HIS DEVISEES AND PERSONAL REPRESENTATIVES; CRYSTAL REYNOLDS; DIANE

REYNOLDS; AMY RICO; GUILLERMO RICO; ;R LILIA RICO; DOUGLAS RILEY; JEANNE RIVES; WAYNE RIVES; DANIEL ROACH; WANDA ROACH; CYNTHIA ROBERTS; STEPHEN ROBERTS; JILL ROBERTSON; DOUGLAS ROBINSON; KATHERINE ROBINSON; BRYCE RODERICK; VAL RODERICK; MICHAEL RODRIGUES; TERESA RODRIGUES; AUDREY ROMERO; DAVID ROMERO; EDDIE ROMERO; STEPHANIE ROMERO; RICHARD ROUNDS; MARY DORIS ROUNDS, DECEASED, HER DEVISEES AND PERSONAL REPRESENTATIVES; CHRISTINA WINSEY RUDD; DENNIS RUDD; JEFFREY LYNN RUNION; SUSAN RUNION; JERRY RUPE; NIKKI RUPE; DONALD RUPPANNER; ROBIN RUPPANNER; PAUL RUSH; LINDA RYCROFT; ELOISE SALAZAR; JOHN SALAZAR; LENNIS SANDERS; WENDY SANDERS; GERALD SANDIN; GEORGE SANDOVAL; JANE SANDOVAL; PAT SANDOVAL; JAMES SCHANTZ; PHYLLIS SCHANTZ, DECEASED, HER DEVISEES AND PERSONAL REPRESENTATIVES; BRIAN SCHERBAUM; CHARLES SCHERBAUM; JAQUELINE SCHMIDT; MICHAEL SCHMIDT; HAROLD SCHROCK; BRIGITTE SCHULZ; DONALD GERARD SCOTT; LOIS SCOTT; SVETLANA SCOTT; HARLEY SCOTT, AS TRUSTEE OF THE SCOTT FAMILY REVOCABLE TRUST; HEATHER SEARS; DOUGLAS PAUL SEIDEL; CHRISTOPHER SHOOK; DAVID SHOOK; ;BENJAMIN DARREL SHORT; BETTY MOLINA SHORT; MELONIE SHUE; MICHAEL SHUE; DONNA SHULER; EDWARD SHULER; SHERRY SICKLER; CAROLINE SILLS; LARRY SILLS; TRAVIS

SIMPSON SECRETARY; JOSEPH SINCLAIR; SHARRELL SLONE; ALBERT SLY; PHIL SMAUDER; JOANNE SMITH; REOLA SMITH; RICKY SMITH; VALDIMAR SMITH; BRIAN SNELLGROVE; JULIE SNELLGROVE; KEITH SOUTHERTON; SUSAN SOUTHERTON; MARTHA FIEDLER SPRING; DANNY RAY SPURLOCK; PAUL SQUYER; SUSAN SQUYER; JAMES STALLINGS; MARY ANN STALLINGS; MARY STAMPER; CHRISTIANE TOPAZ STANDLEE; NORMAN CHRISTOPHER STANDLEE JR; JOSEPH STEELE; KAREN STEELE; DONNA STEELE, DECEASED, BY KEVIN JAMES STEELE AS EXECUTOR; DONNA STEELE, DECEASED, HER DEVISEES AND PERSONAL REPRESENTATIVES; MARTIN STEELE, DECEASED, HIS DEVISEES AND PERSONAL REPRESENTATIVES; ADELINE STERN; OLIVER STERN; AMELIA SUDHEIMER; DONALD SUDHEIMER; AUSTIN SUTTON; SHIRLEY SUTTON; CAROLYN SWANSON; MICHAEL SWANSON, TRUSTEE; JEANNE SYMONDS; BARRY CHARLES TAFF; VIRGINIA VAUGHAN TAFF; WESLEY TAFF; DEBORAH LURLEEN TALBERT; DOYLE TRAVIS TALBERT; LORI TAPPAN; EDWARD TAYLOR; LINDA TAYLOR; KENNETH TEIXEIRA; RENEE TEIXERIA; LOREN TEJADA; JOYCE ANN THOMPSON; NEAL THOMPSON; MARK THOMPSON, TRUSTEE; MARK THOMPSON, AS TRUSTEE OF THE THOMPSON FAMILY TRUST; KENNETH TIDMORE; NONIE TIDMORE; TIMESHARE FREEDOM LL ; EMILIO TIQUI; ANITA TORRES, TRUSTEE; JEREMIAS TORRES,

TRUSTEE; MICHAEL TOWER; ROBYN TOWER; VICKI TOWNSEND; CINDY TROGUS; MICHAEL TROGUS; CONNIE TURNER; LORI TURNER, TRUSTEE; ROBERT TURNER, TRUSTEE; MARY UHRLAUB; JOHN VALDEZ; REGENA VALDEZ; THOMAS VALDEZ; ;KIM VALENTINE; NANCY VALENTINE; ISHMAEL VALENZUELA; PAULA VALENZUELA; DAVID RANDALL VAUGHT; TERRI ELLIS VAUGHT; CONSUELO VELARDE; VICTOR VELARDE; DONNA VINEYARD, TRUSTEE; CAROLYN WALLACE; HORACE WALLACE; BARBARA WALLINGFORD; REX WALLINGFORD; NANCY WALSH; WILLIAM WALSH JR, DECEASED, HIS DEVISEES AND PERSONAL REPRESENTATIVES; SALLY JEAN WALSH, DECEASED, HER DEVISEES AND PERSONAL REPRESENTATIVES; CARL WARD; CLARA WARD; ROBBIE WARD; KATHLEEN WARREN; CAILEN MORGAN WATTENBARGER; SHERRI WEAVER; CHARLES WEBB; SANDRA WEBB; SYLVIA WEBB; DAVID WEBER; SANDRA ROBBEN WEBER; DAVID WEBSTER; DOUGLAS WEBSTER; MARION WEINZWEIG; JAMES WESTER; CANDACE WHITESEL; JOHN WHITESEL; LEO WIEDERHOLT; MARY WIEDERHOLT; ANTHONY WILLIAMS; DOUGLAS WILLIAMS; KATIE TAFF WILLIAMS; MARGARET WILLIAMS; MARY WILLIAMS; STEPHANIE WILLIAMS; BRIAN WILLIE; MOLLY WILLIE; CHRISTOPHER WINKEL; R MICHELLE WINKEL; HUNG NGUYEN WINN; LEE WINN; DENISE WISDOM; DENNIS WISDOM; PHYLLIS WOLF; SUSAN WOODS; TIMOTHY WOODS;

JEFF WOODWARD; CAROLE WRIGHT; PAUL WRIGHT; RITA WRIGHT; ROBERT WRIGHT; SANDY WRIGHT; THOMAS WRIGHT; BARBARA YASCHIK; JANET YOST; WESLEY YOST,

Defendants.

**FIRST AMENDED COMPLAINT TO AUTHORIZE SALE OF DEBTOR AND NON-DEBTOR CO-OWNERS' INTERESTS IN REAL PROPERTY PURSUANT TO 11 U.S.C. § 363(h)**

Plaintiff, Village Pointe Property Owners Association, Inc. (the "Plaintiff," "Association," or "Debtor"), files this *First Amended Complaint to Authorize Sale of Debtor and Non-Debtor Co-Owners' Interests in Real Property Pursuant to 11 U.S.C. § 363(h)* (the "Complaint") seeking relief pursuant to 11 U.S.C. § 363(h) against the above-named defendants (collectively, the "Defendants" or "Owners"). In support of the Complaint, Plaintiff states and alleges as follows:

## PRELIMINARY STATEMENT

The Association is filing this Complaint seeking authority to sell the Property, which is described and defined below, including the interests of the Association and the Defendants in the Property. The Association is ***not*** seeking monetary judgment against any of the Defendants in this Complaint. Rather, the Association anticipates that each Defendant, subject to any setoff for amounts due to the Association and confirmation of their ownership interest, will ultimately receive money from the sale of the Property.

## THE PARTIES

1. The Association is a nonprofit corporation organized under the laws of the State of Colorado pursuant to Articles of Incorporation filed with the Secretary of State of the State of Colorado on December 2, 1988 (the "Articles of Incorporation"). Pursuant to

the Articles of Incorporation, the Association was organized, "*[t]o own, operate, manage, lease, maintain, repair, and generally administer the affairs of the property and improvements located within Village Pointe Condominiums, a condominium and time-share regime ("Condominium Project") located in Archuleta County, Colorado, and to have all of the powers granted it by the Declaration, as the same may be amended from time to time.*"

2. The Association was formed pursuant to a Declaration of Condominium and Interval Ownership for Village Pointe Condominiums (the "Original Declaration") recorded on January 6, 1989 at Book 239, at Page 1, et seq., in the Office of the County Clerk and Recorder for Archuleta County, Colorado (the "Clerk's Office") as amended by that certain First Amendment to the Original Declaration ("First Amendment") recorded on February 16, 1989 at Book 242, at Page 137 in the Clerk's Office, and that certain Second Amendment to the Original Declaration ("Second Amendment") recorded on January 16, 1990 at Book 280, at Page 212 in the Clerk's Office, and that certain First Supplemental Declaration to the Original Declaration ("First Supplement") recorded on May 3, 1990 at Book 292, at Page 242 in the Clerk's Office, and that certain First Amendment to First Supplemental Declaration recorded on July 18, 1990 at Book 301, at Page 123 in the Clerk's Office ("First Amendment to Supplement"), and that certain Second Supplemental Declaration and Third Amendment to the Original Declaration ("Second Supplement and Third Amendment") recorded on November 21, 1990 at Book 315, at Page 350 in the Clerk's Office, and that certain Amendment to Second Supplemental Declaration ("Amendment to Second Supplement") recorded on February 7, 1991 at Book 322, at Page 76 in the Clerk's Office, and that certain Fourth Amendment to the Original

Declaration ("Fourth Amendment") recorded on October 19, 1999 at Document #99010210 in the Clerk's Office. The Original Declaration, First Amendment, Second Amendment, First Supplement, First Amendment to Supplement, Second Supplement and Third Amendment, Amendment to Second Supplement, and Fourth Amendment are collectively referred to as the "Property Declaration."

3. The Declaration established the Association and submitted the property identified in the Property Declaration to a "Condominium Project subject to a Plan of Interval Ownership and create[d] therein a time-share program in accordance with COLO. REV. STAT. §§38-33-110 and 38-33-111 …." The Property Declaration serves as the project instrument for the interval ownership regime.

4. Pursuant to Section LL of Article I of the Original Declaration, *"[t]he term 'Unit Committed To Interval Ownership' shall mean any Unit sold under a plan of Interval Ownership."* A Unit is defined under Section KK of Article I of the Original Declaration as *"an individual single family dwelling"* unit contained within a building located within the Condominium Project that is designated for separate ownership and occupancy.

5. Pursuant to Section Y of Article I of the Original Declaration, *"[t]he term 'Interval Owner' or 'Owner' shall mean a Person owning one or more Interval Ownership interests in a Unit Committed To Interval Ownership, whether entirely, jointly, or in common with another Person or Persons."*

6. Pursuant to Section Z of Article I of the Original Declaration, *"[t]he term 'Interval Ownership' shall mean that form of real property ownership in a Unit Committed To Interval Ownership by which an Interval Owner is entitled to occupy a Unit Committed to Interval Ownership on an annual or biennial and recurring basis during a designated*

*time period ("Unit Week") for a period of years, together with a remainder over in fee simple as a tenant in common with other Owners."*

7. Pursuant to Section A of Article I of the Original Declaration, *"[t]he term 'Annual Interval Ownership Interest' shall mean that interest consisting of either a Fixed Annual Unit Week or a Floating Annual Unit Week and an undivided 1/51 remainder interest, for each Annual Interval Ownership Interest owned, as a tenant in common with all other Owners in the Unit in which the Annual Interval Ownership Interest is owned upon termination of the Interval Ownership regime created by this Declaration."*

8. Pursuant to Section B of Article I of the Original Declaration, *"[t]he term 'Annual Unit Week' shall mean the time period, designated by Building Number, Unit Number, and Unit Week Number during which an Owner is entitled to occupy a Unit Committed To Interval Ownership on an annual and recurring basis for a period of years, subject to the terms of this Declaration, the Articles of Incorporation, the Bylaws, and Rules and Regulations."*

9. Pursuant to Section S of Article I of the Original Declaration, *"[t]he term 'Fixed Annual Unit Week' shall mean the time period during which the Owner of an Annual Interval Ownership Interest is entitled to occupy a designated Unit Committed To Interval Ownership during the same Unit Week Number on an annual and recurring basis."*

10. Pursuant to Section T of Article I of the Original Declaration, *"[t]he term 'Fixed Biennial Unit Week' shall mean the time period during which the Owner of a Biennial Interval Ownership Interest is entitled to occupy a designated Unit Committed To Interval Ownership during the same Unit Week Number on an alternate year basis."*

11. Pursuant to Section K of Article I of the Original Declaration, *"[t]he term 'Common Elements' shall mean and include all of the real property and real property improvements of the Condominium Project with the exception of 'Condominium Unit(s)'..."*

12. Pursuant to Section B of Article X of the Original Declaration, each Interval Owner is granted an easement for ingress and egress through the Common Elements.

13. Pursuant to Section C of Article III of the Original Declaration, *"Common Elements shall include all portions of the Condominium Project not contained within a Unit, including, but not limited to, roofs, foundations, pipes, ducts, flues, conduits, wires, and other utility installations to the outlets, bearing walls, perimeter walls to the undecorated or unfinished interior surfaces thereof, sidewalks, parking areas, gardens, recreational facilities which are now or hereafter continued within the property, all Limited Common Elements as defined herein, all installations of power, gas, hot and cold water, and cable television existing for common use, all other parts of the Condominium Project necessary or convenient to its existence, maintenance, or safety, and all areas and facilities designated as Common Elements in the Condominium Act."*

14. The Bylaws for the Association were dated January 6, 1988 and recorded in the Clerk's Office on January 6, 1989 in Book 239, at Page 80 (the "Bylaws").

15. Section 1 of Article II of the Bylaws provides the Association "*shall consist of all members acting as a group in accordance with the Articles of Incorporation and these Bylaws*" (individually an "Association Member" and collectively the "Association Members").

16. On or about January 20, 2026 (the "Petition Date"), the Association filed a voluntary petition for relief pursuant to Subchapter V of title 11 of the United States Code

(the "Bankruptcy Code").[1] Since the Petition Date, Association has remained in possession of its assets and has continued management of its property, business, and affairs.

17. As of the Petition Date, the Defendants and Association co-own tenant-in-common fee simple interests in the Property.

18. The Defendants are tenant-in-common owners of fee simple interests at the Property as identified on the Association's books and records as of May 13, 2026.

## JURISDICTION AND VENUE

19. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334.

20. This is a core proceeding pursuant to 28 U.S.C. §§ 157(a) and 157(b)(2)(A), (N) and (O).

21. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

22. The statutory predicates for the relief sought herein are sections 105(a) and 363 of the Bankruptcy Code, including section 363(h), and rules 7001 et. seq. of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), including Bankruptcy Rule 7001(c).

23. The Association consents to the entry of final orders and judgment by the Court.

## COMMON ALLEGATIONS

### A. The Property

24. The property subject to the Declaration, and governed by the Association, is located at 604 Eagle's Loft Cir., Pagosa Springs, Colorado (the "Property").

[1] All references to the "Bankruptcy Code" herein refer to 11 U.S.C. §§101-1532.

25. The Property is commonly known as *Village Pointe Condominiums* and consists of six buildings containing thirty-two units (the "Units") and their concomitant Common Elements. Each Unit may be split as an A and a B, creating a studio and a one-bedroom apartment.

26. As authorized by more than the required number of Owners prior to the Petition Date, (i) occupancy at the Property by Owners, guests and others was suspended as of December 27, 2025, and (ii) collection of 2026 maintenance fees from Owners was suspended.

27. The Association, via its contract with a management company, continues to maintain the Property as debtor-in-possession pursuant to Sections 1181 and 1184 of the Bankruptcy Code so that the Property can be sold for its highest and best value.

**B. The Ownership Structure of the Property**

28. The buildings were constructed and added to the timeshare plan in three phases. Phase one consisted of Building 1 containing four Units subject to Interval Ownership and Building 2 containing four Units subject to Interval Ownership. Phase two consisted of Building 3 containing four Units subject to Interval Ownership and Building 4 containing four Units subject to Interval Ownership. Phase three consisted of Building 5 containing eight Units subject to Interval Ownership and Building 6 containing eight Units subject to Interval Ownership.

29. Pursuant to Sections A and B of Article V of the Property Declaration, each Unit contains fifty-two Annual Interval Ownership interests, called Unit Weeks. These Unit Weeks may be subdivided into two Biennial Interval Ownership Interests. There are 1,664 Unit Weeks at the Property.

30. The Association owns one Unit Week (a maintenance week) in each Unit and a concomitant share of the Common Elements at the Property. Accordingly, the Association owns an interest in every Unit at the Property.

31. Pursuant to a deed dated September 3, 2025, recorded on September 4, 2025, at Document #22503609 in the Clerk's Office, the Association owns one Unit Week in each Unit Committed to Interval Ownership at the Property as follows:

- Building One – Units 7501, 7502, 7503, and 7504, Week 44;
- Building Two – Units 7505, 7506, 7507, and 7508, Week 45;
- Building Three – Units 7509, 7510, 7511, and 7512, Week 45;
- Building Four – Units 7513, 7514, 7515, and 7516, Week 16;
- Building Five – Units 7517, 7518, 7519, 7520, 7521,7522, 7523, and 7524, Week 15; and
- Building Six – Units 7525, 7526, 7527, 7528, 7529, 7530, 7531, and 7532, Week 15

32. The Association owns thirty-two Unit Weeks at the Property and a concomitant share of the Common Elements at the Property (the "Association Interest"), which comprises approximately 1.92% of the total Unit Weeks at the Property.

33. The Association owns an undivided interest in the Property as a tenant-in-common with all other Owners.

34. According to the records of the Association, as of May 13, 2026, Defendant First American Trust, FSB, as Trustee, Duly Appointed Under the Declaration of Trust for the Club Wyndham Access Vacation Ownership Plan ("First American Trust, as Trustee") owns 408 of the 1,664 Unit Weeks at the Property, and a concomitant share of the Common Elements at the Property. First American Trust, as Trustee, owns approximately

24.52% of the total Unit Weeks at the Property. First American Trust, as Trustee, is a tenant-in-common with all other Owners at the Property as well as the Association.

35. According to the records of the Association, as of May 13, 2026, Defendant WorldMark, the Club ("WorldMark, the Club") owns 632 of the 1,664 Unit Weeks at the Property, and a concomitant share of the Common Elements at the Property. WorldMark, the Club owns approximately 37.98% of the total Unit Weeks at the Property. WorldMark, the Club is a tenant-in-common with all other Owners at the Property as well as the Association.

36. According to the records of the Association, as of May 13, 2026, Defendant Wyndham Vacation Resorts, Inc. ("WVR") owns 134 of the 1,664 Unit Weeks at the Property, and a concomitant share of the Common Elements at the Property. WVR owns approximately 8.05% of the total Unit Weeks at the Property. WVR is a tenant-in-common with all other Owners at the Property as well as the Association.

37. According to the records of the Association, as of May 13, 2026, the remaining 458 of the 1,664 Unit Weeks at the Property, and a concomitant share of the Common Elements at the Property, are owned by approximately 834 parties to approximately 458 contracts (collectively, the "Interval Owners"). The Interval Owners own approximately 27.53% of the total Unit Weeks at the Property. The Interval Owners are tenants-in-common with all other Owners at the Property as well as the Association.

38. The Defendants do not currently occupy the Units at the Property.

39. Accordingly, no Defendant will be displaced from their home by the proposed sale of the Property.

40. Upon the filing of the Petition, the Association Interest owned by the Association became property of its bankruptcy estate pursuant to 11 U.S.C. § 541(a), and the Association is otherwise a tenant-in-common with the Defendants.

**C. The Potential Sale of the Property**

41. Sale of the Property free and clear of the interests of the Association and Defendants, provides the ability to attain the highest and best offer for the Association and Owners.

42. On April 17, 2026, the Association filed *Debtor's Motion for Entry of an Order (I) (A) Approving Auction and Bidding Procedures, (B) Authorizing the Debtor to Designate a Stalking Horse Bidder, (C) Scheduling Bid Deadlines and Auction, and (D) Approving the Form and Manner of Notice Thereof, and (II) Granting Related Relief* (Docket No. 129) (the "Bid Procedures Motion") seeking to establish procedures to market and sell the Property, including the Association Interest in the Property, together with the interests of (i) First American Trust, as Trustee, (ii) WorldMark, the Club, (iii) WVR, and (iv) all other Owners.

43. On May 13, 2026, the Bankruptcy Court entered the *Order (I) (A) Approving Auction and Bidding Procedures, (B) Authorizing the Debtor to Designate a Stalking Horse Bidder, (C) Scheduling Bid Deadlines and Auction, and (D) Approving the Form and Manner of Notice Thereof, and (II) Granting Related Relief* (Docket No. 145) (the "Bid Procedures Order"), which granted the Bid Procedures Motion. The Bid Procedures Order accounts for and resolves the Defendants' rights under 11 U.S.C. § 363(i).

44. Pursuant to the Bid Procedures Order, the Association is marketing the Property (including related personal property, if any) for sale. As of this date, the Association has not presented a proposed sale to the Bankruptcy Court for approval.

45. On April 17, 2026, the Association filed the *Village Pointe Property Owners Association, Inc.'s Plan of Liquidation* (Docket No. 132) (the "Plan"). The Plan remains pending before the Court and subject to its approval.

46. Any ultimate disposition of the Property, and any proposed distribution of proceeds of any sale, shall be subject to separate request(s) of the Association to the Court and subject to separate judgment(s) or order(s) of the Court (including, potentially pursuant to an order confirming the Plan).

47. The Association intends to separately seek orders or judgments from the Court (i) determining the extent of the ownership interest of each Defendant, and the amount due by each Defendant for outstanding maintenance fees or assessments to the Association, if any, and (ii) authorizing the distribution of the proceeds of any sale approved by the Court, less the costs and expenses of such sale as may be approved by the Court (which may include any order confirming the Plan).

**D. Proposed Consent Judgments**

48. At a special meeting of the members of the Association conducted on October 7, 2025, with a quorum of the voting interests represented in person or by proxy, more than 99% of the members of the Association in attendance voted to authorize the Board of Directors to file a chapter 11 bankruptcy petition for the Association to, among other things and subject to Court approval, market and sell the entire Property, free and

clear of the interests of all Owners (as well as the Association), with such interests to attach to the proceeds of sale, subject to distribution pursuant to Court order.

49. Association believes that many Defendants will consent to the relief sought in this Complaint.

50. Together with the Complaint, Association is providing each Defendant with a *Stipulation and Consent Judgment* (a "Consent Judgment") offering to resolve the Complaint and this adversary proceeding as to each Defendant.

**COUNT 1 – SALE OF REAL PROPERTY PURSUANT TO 11 U.S.C. § 363(h)**
**(Against All Defendants)**

51. The Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs of this Complaint, as if set forth at length herein.

52. The Plaintiff requests the Court enter judgment against each Defendant named herein authorizing Plaintiff to sell the Plaintiff's interest in the Property together with the Defendants' interests in the Property, pursuant to 11 U.S.C. § 363(h).

53. As of the Petition Date, the Plaintiff and the Defendants co-owned the Property as tenants-in-common.

54. As of the Petition Date, the Plaintiff had an undivided interest in the Property as a tenant-in-common.

55. Partition in kind of the Property among Plaintiff and the Defendants is impracticable. Due to the large number of the Owners of the Property and the timeshare structure of the Property, a standard partition action would be unwieldy, prohibitively expensive, and necessitate the use of a less formal process under state law.

56. Sale of the Plaintiff's undivided interest in the Property would realize significantly less for the Plaintiff's bankruptcy estate than sale of the Property free of the

interests of the Defendants. The market for individual timeshare interests is substantially discounted from the sale of the Property as a whole, considering the fraction of each individual interest and the limited nature and rights that correspond to such interests.

57. The benefit to the Plaintiff's bankruptcy estate of selling the Property free of the interests of the Defendants in the Property outweighs the detriment, if any, to the Defendants – none of whom are full-time occupants of the Property.

58. Defendants' interests in the Property will attach to the sale proceeds and shall only be disbursed subject to further judgments or orders of the Court.

59. The Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

60. All requirements for a sale of the Property pursuant to 11 U.S.C. § 363(h) are satisfied.

**WHEREFORE**, the Plaintiff respectfully requests that the Court enter a judgment in favor of Plaintiff against each Defendant:

(a) authorizing Plaintiff to sell the Plaintiff's interest in the Property together with the Defendants' interests in the Property (including related personal property, if any), pursuant to section 363(h) of the Bankruptcy Code and rule 7001(c) of the Bankruptcy Rules, provided that any sale of the Property shall be subject to further order of the Bankruptcy Court pursuant to the Bid Procedures Order or otherwise;

(b) authorizing the Plaintiff to execute on behalf of the Defendants any and all necessary documents to consummate a sale of the Property, including, but not limited to, deeds, assignments, affidavits, certifications, resolutions, authorizations, closing

statements, title documents, recording documents, and any other instruments as may be necessary or prudent in connection therewith;

(c) pursuant to section 363(j) of the Bankruptcy Code, directing that after a sale of the Property pursuant to section 363(h) of the Bankruptcy Code, the Plaintiff shall distribute to the Defendants, according to the Defendants' interests in the Property as determined by further order of the Bankruptcy Court, the proceeds of such sale less the costs and expenses of such sale, which, for the avoidance of doubt include, but are not limited to, (i) those reasonable costs and expenses (including professional fees and commissions) incurred by the Plaintiff in connection with the Bid Procedures Motion and Bid Procedures Order, (ii) the marketing and sale of the Property, (iii) the closing of a sale of the Property, (iv) this Complaint and adversary proceeding, (v) the determination of Defendants' interests in the Property, and (vi) any distribution of sale proceeds, which amount of such costs and expenses (including professional fees and commissions) shall be determined by further order of the Bankruptcy Court; and

(d) granting the Plaintiff such other relief that this Bankruptcy Court deems just and equitable.

Dated: July 16, 2026

Respectfully submitted,

*/s/ Kevin S. Neiman*
Kevin S. Neiman, #36560
**Law Offices of Kevin S. Neiman, pc**
P.O. Box 100455
Denver, CO 80250
Telephone: (303) 996-8637
Email: kevin@ksnpc.com

- and -

Brandy A. Sargent
**K&L GATES LLP**
One SW Columbia Street, Suite 1900
Portland, OR 97204
Telephone: (503) 228-3200
Email: brandy.sargent@klgates.com

- and -

Daniel M. Eliades
Peter J. D'Auria
**K&L GATES LLP**
One Newark Center, Tenth Floor
Newark, NJ 07102
Telephone: (973) 848-4000
Email: daniel.eliades@klgates.com
peter.dauria@klgates.com

- and -

Jonathan N. Edel
**K&L GATES LLP**
300 South Tryon St., Suite 1000
Charlotte, NC 28202
Telephone: (704) 331-7400
Email: jon.edel@klgates.com

Counsel for Debtor and Debtor-in-Possession